Lewis Kohn & Walker LLP
Kent M. Walker (173700)
kwalker@lewiskohn.com
15030 Avenue of Science
Suite 201
San Diego, CA 92128
Phone: 858-436-1333
Fax: 858-436-1349

Attorneys for Plaintiff ResQcats, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESQCATS, INC., A CALIFORNIA CORPORATION<br><br>　　　　Plaintiff,<br><br>vs.<br><br>RESQCATS OF FLORIDA, INC., A FLORIDA CORPORATION;<br><br>JEANINE COHEN, AN INDIVIDUAL RESIDING IN FLORIDA;<br><br>LYNN D'OVIDO, AN INDIVIDUAL RESIDING IN FLORIDA; AND<br><br>TARA PISANO, AN INDIVIDUAL RESIDING IN FLORIDA.<br><br>　　　　Defendants | Case No.: '16CV1949 AJB MDD<br><br>**COMPLAINT FOR:**<br>**(1) FEDERAL TRADEMARK INFRINGEMENT;**<br>**(2) TRADEMARK DILUTION;**<br>**(3) FALSE DESIGNATION OF ORIGIN;**<br>**(4) VIOLATION OF CAL. BUS. & PROF. CODE § 14330;**<br>**(5) VIOLATION OF CAL. BUS. & PROF. CODE § 17200;**<br>**(6) UNJUST ENRICHMENT.**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff ResQcats, Inc., a California corporation (hereinafter referred to as "Plaintiff") alleges against ResQCats of Florida, Inc., a Florida corporation; Jeanine Cohen, an individual residing in Florida; Lynn D'Ovido, an individual residing in Florida; and Tara Pisano, an individual residing in Florida (hereinafter collectively referred to as "Defendants") as follows:

COMPLAINT

- 1

## PARTIES

1. Plaintiff ResQcats, Inc. is and at all times mentioned herein, was a corporation organized under the laws of the State of California with its principal place of business located at 3263 Cliff Drive, Santa Barbara, California 93109.

2. Upon information and belief, Defendant ResQCats, of Florida, Inc. is and at all times mentioned herein, was a corporation organized under the laws of the State of Florida with its principal place of business located at 4220 Waterville Ave., Wesley Chapel, FL 33543.

3. Upon information and belief, Defendant Jeanine Cohen, an individual residing at 4220 Waterville Avenue, Wesley Chapel, Florida 33543, is a Director of ResQCats of Florida, Inc.

4. Upon information and belief, Defendant Lynn D'Ovido, an individual residing at 728 Tradewinds Drive, Brandon, Florida 33511, is a Director of ResQCats of Florida, Inc.

5. Upon information and belief, Defendant Tara Pisano, an individual residing at 728 Tradewinds Drive, Brandon, Florida 33511, is a Director of ResQCats of Florida, Inc.

## JURISDICTION AND VENUE

6. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, and under the laws of the State of California. This Court has subject matter jurisdiction over the federal trademark claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367, because the claims stated herein arise under the laws of the United States or are related to such claims and are part of the same case or controversy. The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§1338 and 1367.

7. Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendants because they have extensive contacts with and conduct business within the State of California and this judicial district; Defendants have caused their services and organization to be promoted, and donations received from, within this judicial district; the causes of action asserted in this Complaint arise out of Defendants' contacts with this

judicial district; and because Defendants have caused tortious injury to Plaintiff in this judicial district.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 because Defendants have extensive contacts with, and conduct business within, the State of California and this judicial district; Defendants have caused their services and organization to be promoted, and donations received from, within this judicial district; the causes of action asserted in this Complaint arise out of Defendants' contacts with this judicial district; and because Defendants have caused tortious injury to Plaintiff in this judicial district.

## FACTUAL BACKGROUND

9. Plaintiff is a well-known non-profit cat sanctuary located in Santa Barbara, California, dedicated to the rescue, care and adoption of abandoned cats and kittens. In addition to providing shelter for abandoned cats and kittens, plaintiff sees to their well-being by providing necessary, often life-saving health care, and socialization through exposure to humans and other felines. Plaintiff conducts all of its business under its single-word name, "ResQcats". The name was carefully chosen to playfully describe plaintiff's services to donors and cat adopters. The name is a protected by two trademarks (hereinafter referred to as the "Marks") that have become popular and famous nationwide.

10. Plaintiff has engaged in extensive marketing and promotion of its Marks and has enjoyed a significant increase in donations and requests for services. Many donors have sought out Plaintiff's "ResQcats" organization in order to donate money and supplies.

11. Due to Plaintiff's extensive use of its Marks, Plaintiff has developed significant goodwill therein. Its branded services, facilities, and organization have been praised and recognized in the feline rescue community through various media including its significant Internet presence.

12. As a result of such longstanding, substantial and continuous use, the Marks have long been immediately recognizable by donors, adopters, and the community.

13. Plaintiff has been using the Marks since 1996, and has acquired broad common-law rights in the Marks. Plaintiff has filed, and been granted, U.S. federal trademark registrations for their Marks. The registrations are identified below:

| U.S. Trademark Registration No. | Classification Type of Goods and Services |
|---|---|
| 4,890,753 | IC 045 US 100 101 |
| 4,349,369 | IC 045 US 100 101 |

14. True and correct copies of the registrations listed above are attached hereto collectively as **EXHIBIT 1**.

### Defendants' Unauthorized Use of Plaintiff's Marks

15. Upon information and belief, Defendants Cohen, D'Ovido, and Pisano (the "Individual Defendants") are the present Directors of Defendants ResQCats of Florida, Inc. The Individual Defendants operate ResQCats of Florida, Inc., which offers identical types of services as that of Plaintiff. Donations for Defendants' services and facilities are promoted on websites that that the Individual Defendants create and manage.

16. Upon information and belief, Defendants ResQCats of Florida, Inc., was created as a not-for-profit corporation in the State of Florida on March 21st, 2013 under the name "ResQcats, Inc." An amendment was filed on April 18th, 2016 with the State of Florida changing Defendants' name to "ResQCats of Florida, Inc." True and correct copies of incorporation documents referenced above are attached hereto collectively as **EXHIBIT 2**.

17. Upon information and belief, Defendants have been using the strikingly similar mark since creation of their Florida corporation in 2013. Defendants are using the mark to advertise its organization and services especially via Facebook and their Internet webpage. Furthermore, Defendants are using the mark to solicit donations from donors that would have otherwise donated to Plaintiffs, and to receive donations via PayPal and other means.

18. Upon information and belief, Plaintiff is aware that as recently as early 2016, multiple donors seeking to donate money to Plaintiffs mistakenly donated money to Defendants ResQCats of Florida believing they were instead donating to Plaintiffs. Plaintiffs have been

contacted by other individuals inquiring whether they were affiliated with Defendants. The strikingly similar mark used by Defendants was said, by the individuals, to be the cause of their confusion.

19. Plaintiff has contacted Defendants informing them of the situation and that their business affiliates are confused as to the nature of the relationship between Plaintiff and Defendants. Plaintiff also informed Defendants that their trademark was federally registered and respectfully requested that they immediately cease and desist from any use thereof. Defendants continue to use a confusingly similar mark.

20. Defendants are not authorized to use any of Plaintiff's Marks, any colorable imitations thereof, any marks substantially indistinguishable from those Marks, or any marks confusingly or substantially similar thereto, to identify Defendants' feline rescue organization or any other goods or services.

## FIRST CAUSE OF ACTION

### Trademark Infringement Under the Lanham Act and Common Law

### (Alleged Against All Defendants)

21. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

22. Defendants have used in commerce, without Plaintiff's consent, marks that so resemble Plaintiff's Marks that it is likely to cause confusion with respect to the source and origin of Defendants' organization and services and is likely to cause confusion or mistake and to deceive consumers as to the affiliation, connection, or association of Plaintiff with Defendants and, or, the marketing of Plaintiff's business or services.

23. Defendants' acts constitute an infringement of Plaintiff's Marks, in violation of the Lanham Act, 15 U.S.C. § 1114, and the common law.

24. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and is likely to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use marks confusingly similar to Plaintiff's Marks and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy

at law. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of trademark infringement. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from its unlawful conduct.

25. Plaintiff is further entitled to recover from Defendants the actual damages that it sustained or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered or is likely to suffer by reason of Defendants' acts of trademark infringement.

26. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of trademark infringement.

27. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of damages under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### Trademark Dilution Under the Lanham Act

### (Alleged Against All Defendants)

28. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

29. Plaintiff's Marks are inherently distinctive and has acquired distinction from other marks through long, continuous, and exclusive use by Plaintiff.

30. Plaintiff's Marks are famous and distinctive within the meaning of 15 U.S.C. §§ 1125 (c)(1) and 1127.

31. Defendants' unlawful activities described in this complaint constitute unauthorized use in interstate commerce of Plaintiff's Marks. Defendants' unlawful activities were conducted with full recognition of Plaintiff's use of its trademark. and commenced its trademark had become famous. On information and belief, such activities are likely to dilute, have diluted, and will continue to dilute or be likely to dilute, the distinctive quality of Plaintiff's

COMPLAINT

trademark by lessening its capacity to identify and distinguish Plaintiff's organization and services and tarnishing its mark to the damage and harm of Plaintiff, its customers, and the public, in violation of 15 U.S.C. § 1125 (c)(1).

32. As a direct and proximate result of Defendants' wrongful acts, Plaintiff is likely to suffer, has suffered, and continues to suffer or be likely to suffer dilution of the distinctive quality and the blurring and tarnishing of its Marks. Defendants will continue, unless restrained, to use marks confusingly similar to Plaintiff's Marks and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of dilution. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from their unlawful conduct.

33. Plaintiff is further entitled to recover from Defendants the actual damages that it sustained or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered or is likely to suffer by reason of Defendants' acts of dilution.

34. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of dilution.

35. Plaintiff is informed and believes, and on that basis alleges, that Defendants committed the acts alleged above: (a) with previous knowledge of Plaintiff's prior use of its Marks; (b) with the willful intent to do business based on Plaintiff's goodwill and reputation; or (c) with the willful intent to cause dilution of Plaintiff's trademark. As a result, Plaintiff has been damaged in an as yet unascertained amount.

36. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of damages pursuant to 15 U.S.C. § 1117.

////

////

COMPLAINT

# THIRD CAUSE OF ACTION

## False Designation of Origin Under the Lanham Act

### (Alleged Against All Defendants)

37. Plaintiff hereby incorporates by reference each and every allegation contained the paragraphs above as if fully stated herein.

38. Defendants' actions as alleged herein constitute a false designation of origin in violation of 15 U.S.C. § 1125 (a).

39. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer or is likely to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use marks confusingly similar to Plaintiff's Marks and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of false designation of origin. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from its unlawful conduct.

40. Plaintiff is further entitled to recover from Defendants the actual damages that it sustained or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered or is likely to suffer by reason of Defendants' acts of false designation of origin.

41. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of false designation of origin.

42. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of damages and increased profits under 15 U.S.C. § 1117.

////

////

## FOURTH CAUSE OF ACTION

**Injury to Business Reputation and Dilution under Cal. Bus. & Prof. Code § 14330**

**(Alleged Against All Defendants)**

43. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

44. The use by Defendants of the Marks in California: (a) dilutes or is likely to dilute the distinctive quality of Plaintiff's Marks; (b) reduces or is likely to reduce the value of Plaintiff's goodwill and business reputation; and (c) destroys or is likely to destroy the exclusive association by the public of Plaintiff's various Marks. Defendants' wrongful acts constitute injury to business reputation and dilution of the distinctive quality of Plaintiff's Marks within the meaning of Cal. Bus. & Prof. Code § 14330.

45. As a direct and proximate result of Defendants' wrongful act, Plaintiff is likely to suffer, or has suffered, and is likely to continue to suffer, dilution of Plaintiff's Marks and damage to its business reputation and goodwill in an amount subject to proof. Defendants will continue, unless restrained, to use the mark, and will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of injury to Plaintiff's business reputation and dilution of Plaintiff's mark Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from its unlawful conduct.

## FIFTH CAUSE OF ACTION

**Unfair Competition Under Cal. Bus. & Prof. Code § 17200 and the Common Law**

**(Alleged Against All Defendants)**

46. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

47. Cal. Bus. & Prof. Code § 17200, et seq., states that unfair competition shall mean and include any "unlawful, unfair or fraudulent business act or practice."

48. Defendants' actions as alleged herein constitute unlawful business acts or practices under Cal. Bus. & Prof. Code § 17200, et seq. and the common law.

49. Defendants' conduct constitutes unfair business acts or practices because Defendants have unfairly used and infringed Plaintiff's Marks pursuant to the Lanham Act while engaging in a business practice.

50. Defendants' conduct constitutes fraudulent business acts and practices because Defendants have deceptively and unfairly marketed or advertised their organization and services and have received donations under trademarks that are confusingly similar to Plaintiff's Marks.

51. As a direct and proximate result of Defendants' wrongful act, Plaintiff is likely to suffer, or has suffered, and is likely to continue to suffer damage to its business reputation and goodwill. Defendants will continue, unless restrained, to use the Marks, and to deceptively and unfairly market, advertise, and promote its business. This will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of unfair competition. Such harm will continue and increase until Defendants are preliminarily and permanently enjoined from its unlawful conduct.

52. Plaintiff is further entitled to recover from Defendants the actual damages that it sustained or is likely to sustain as a result of Defendants' wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that it has suffered or is likely to suffer by reason of Defendants' acts of unfair competition.

53. Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their wrongful acts. Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages that Defendants have realized by reason of their acts of unfair competition.

54. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of punitive damages.

////

# SIXTH CAUSE OF ACTION

## Unjust Enrichment Under Common Law

### (Alleged Against All Defendants)

55. Plaintiff hereby incorporates by reference each and every allegation contained in the paragraphs above as if fully stated herein.

56. By virtue of the egregious and illegal acts of Defendants as described above, Defendants have been unjustly enriched in an amount to proven at trial.

57. Defendants' retention of monies gained through its deceptive business practices, infringements, and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114/Lanham Act § 43(a);

2. For damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. § 1125(c);

3. For damages in an amount to be proven at trial for false designation of origin under 15 U.S.C. § 1125(a);

4. For damages to be proven at trial for common law unfair competition;

5. For damages in an amount to be proven at trial for unfair, fraudulent and illegal business practices under Cal. Bus. & Prof. Code § 17200;

6. For disgorgement of Defendants' profits under 15 U.S.C. § 1117(a);

7. For injunctive relief barring Defendants and its agents, employees, subsidiaries, licensees, successors, and assigns, and all other persons in active concert, privity or participation with it, from doing, abiding, causing or abetting any direct or indirect use of Plaintiff's Marks, or any confusingly similar trademarks in any way, including in advertising, promoting, or selling

Defendants' organization and services, which infringe upon Plaintiff's rights or compete unfairly with Plaintiff;

8. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

9. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

10. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. § 1118;

11. For damages in an amount to be proven at trial for unjust enrichment;

12. For all costs of suit; and

13. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action.

Dated August 2, 2016.

*s/ Kent M. Walker*
Kent M. Walker (173700)
kwalker@lewiskohn.com
Lewis Kohn & Walker LLP
15030 Avenue of Science
Suite 201
San Diego, CA 92128
Phone: 858-436-1333
Fax: 858-436-1349

Stewart Myers (OR Bar No. 062451) (Pro Hac Vice application to be concurrently filed)
685 NW 5th St., Suite A
Corvallis, OR 97330
P: 541.740.7552; F: 541.929.5349
stewart.myers@wvipl.com

Attorneys for Plaintiff ResQcats, Inc.

COMPLAINT

- 12 -